Submitted on briefs January 19; affirmed February 9; rehearing denied March 9, 1937

## MAYWOOD INVESTMENT CO. *v.* BLAIR
(64 P. (2d) 1333)

In Banc.

*E. R. Ringo,* of La Grande, for appellant.
*Ross & Ford,* of Salem, for respondent.

KELLY, J. The testimony discloses that the plaintiff purchased and paid for the real property in suit, being lot number 1 in block number 11 in Geo. H. Jones' Addition to the city of Salem, Marion county, Oregon; that plaintiff was informed that the Salem Federal Savings & Loan Association was not authorized to loan

money to a corporation, but only to individuals; that at the time of the purchase of the property in suit, in order to procure a loan from said Salem Federal Savings & Loan Association, plaintiff caused the names of J. H. Callaghan and Margaret L. Callaghan to be written in the deed of conveyance of said real property as grantees, and that neither J. H. Callaghan or Margaret L. Callaghan paid anything for said property or owned any interest or estate therein whatsoever. Said deed was duly recorded in the records of deeds in the office of the recorder of Marion county, Oregon, in volume 224 at page 188 thereof.

The testimony further discloses that on November 24, 1933, in the circuit court of Union county in a case therein pending defendant recovered judgment in the sum of $3,000 with interest at 8 per cent per annum from November 20, 1930, $300 attorneys' fees and $17 costs and disbursements against J. H. Callaghan and Margaret L. Callaghan in a suit of foreclosure, where the proceeds of the sale of the mortgaged property were only $2,500.

That on September 24, 1935, a transcript of said judgment was filed in the circuit court of Marion county, Oregon, in the office of the clerk thereof.

Plaintiff seeks relief from the apparent lien of said transcript of judgment on the ground that plaintiff is the sole and exclusive owner of said real property. Defendant urges that plaintiff is not entitled to equitable relief, because, as defendant claims, plaintiff does not come into court with clean hands.

We think that the solution of this issue is to be found in the provision of the federal statute. If the statute denied to corporations the right to borrow from Federal Savings & Loan Association, and, in order to

circumvent such statutory inhibition, plaintiff caused the deed in question to be taken in the name of Mr. and Mrs. Callaghan as grantees, then plaintiff would not be in a position to invoke the aid of a court of equity to extricate it from the lien of defendant's judgment; but, we are unable to find any such statutory provisions.

For the purposes of this case, the federal statute merely prescribes that—

"Such associations shall lend their funds only on the security of their shares or on the security of first liens upon homes or combination of homes and business property within fifty miles of their home office: *Provided*, That not more than $20,000 shall be loaned on the security of a first lien upon any one such property; except that not exceeding 15 per centum of the assests of such association may be loaned on other improved real estate without regard to said $20,000 limitation, and without regard to said fifty-mile limit, but secured by first lien thereon:" etc. 12 U. S. C. A. 994, § 1464 (c).

There is nothing in the record tending to show that the security offered by plaintiff for the loan in question did not literally and exactly meet the requirements of the foregoing section.

The facts are not disputed in the testimony. Plaintiff was entitled to the relief granted. The decree of the circuit court is affirmed, plaintiff to recover costs and disbursements on appeal.